IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**ROBERT LEE HARRIS,**

    **Plaintiff,**

v.                                                                                          Civil Action No. 2:07cv58
                                                                                           (Judge Maxwell)

**HARLEY G. LAPPIN, KAREN M. WHITE,**
**AL HAYNES, DUKE TERRELL, A.W. JETT,**
**DRENNAN, BOYLE, DR. MCCALLUM,**
**UNKNOWN PHYSICIAN'S ASSISTANT, LT.**
**BILL CAREY, JOHN DOE 1 AND 2,**

    **Defendants.**


## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTED COUNSEL

       This case is before the Court on the plaintiff's Motion for the Appointment of Counsel, filed July 31, 2007. In support of his motion, the plaintiff asserts that he is indigent, that his imprisonment hampers his ability to litigate, that counsel will enable the plaintiff to present his case if a trial occurs and that he has been unsuccessful in his attempts to retain his own counsel.

       In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Accordingly, the plaintiff's request for counsel (dckt. 2) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE