IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT LEE HARRIS,

      Plaintiff,

v.                                                    Civil Action No. 2:07cv58
                                                              (Judge Maxwell)

HARLEY G. LAPPIN, KAREN M. WHITE,
AL HAYNES, DUKE TERRELL, A.W. JETT,
DRENNAN, BOYLE, DR. MCCALLUM,
UNKNOWN PHYSICIAN'S ASSISTANT,
LT. BILL CAREY, JOHN DOE 1 AND 2,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND, GRANTING HIS REQUEST FOR STATUS OF CASE AND DENYING MOTION FOR PRODUCTION OF DOCUMENTS

The *pro se* plaintiff initiated this civil rights action on July 31, 2007. On August 22, 2007, the Court granted the plaintiff permission to proceed without the prepayment of fees, but determined that the plaintiff must pay an initial partial filing fee of $50.95. On September11, 2007, the Court received a letter from the plaintiff in which he asserted that his place of incarceration was on lock-down status and that his initial partial fee may be delayed. On October 4, 2007, the plaintiff sent the Court a notice of change of address in which he informed the Court that payment of his initial partial filing fee had been further delayed by his transfer. However, the plaintiff asserted that he would submit a request to the business office for payment of his fee. Based on these submissions, the Court *sua sponte* granted the plaintiff additional time to pay his initial partial filing fee.

On December 31, 2007, the Court received a letter from the plaintiff in which he expressed his deep concern that he had not had any response to his civil action. Thus, on January 2, 2008, the Court reviewed the plaintiff's file and determined that his initial partial filing fee had never been paid.

Because payment of the filing fee is ultimately the plaintiff's responsibility, and the plaintiff's failure to pay his initial partial filing fee was delaying the further progression of this case, the Court issued a Show Cause Order that same day. In that Order, the plaintiff was directed to show cause why his case should not be dismissed for the failure to prosecute.

In response to that Order, the plaintiff filed an affidavit on January 10, 2008, in which he asserts that he gave his case manager a request to the pay the initial partial filing fee on October 3, 2007. However, because the fee had not been paid, the plaintiff asserted that he would refile the appropriate forms with the business office.

On January 14, 2008, the plaintiff filed an affidavit in which he states that he refiled the forms to have the initial partial fee withdrawn from his inmate account. In addition, the plaintiff filed a copy of that form which has a note on it that appears to show that his initial partial fee of $50.95 had already been paid.

On February 6, 2008, the plaintiff filed a letter motion in which he requests permission to amend his complaint and the status of his initial partial filing fee. Additionally, the plaintiff filed a motion for production of documents.

**A.   Motion to Amend**

In his motion to amend, the plaintiff requests permission to amend his complaint to include additional defendants. The plaintiff does not state which persons he would like to add as defendants or on what grounds. In fact, it appears from his letter that the plaintiff would like to add defendants related to the delays caused by the failure to pay the filing fee. However, this Court would not have jurisdiction over persons employed at FCI-Allenwood. In addition, it does not appear as if such claims have been exhausted through the Bureau of Prisons administrative remedy program. Therefore, although leave to amend should be freely given pursuant to Rule 15 of the Federal Rules of Civil

Procedure, the undersigned finds that it is inappropriate to grant the plaintiff's motion at this time. Accordingly, the plaintiff's Motion to Amend (dckt. 24-1) is **DENIED without prejudice** to the plaintiff's right to refile a more detailed request.

**B. Request for Status of Partial Fee**

Rather than delay this case further, on February 8, 2008, the Court contacted the business office at the FCI-Allenwood. Upon inquiry, the Court was informed that the plaintiff's prior requests had been improperly completed and that the plaintiff had recently submitted a new request. That request is currently being processed and the Court can expect payment of the plaintiff's initial partial filing fee in approximately 30 days. Once payment is received, the Court will conduct a preliminary review of the complaint. Accordingly, the plaintiff's Request for Status of his Case (dckt. 24-2) is **GRANTED, the status of his case being as herein reported.**

**C. Motion for Production of Documents**

Pursuant to Rule 26(a)(1)(E)(iii), discovery is not permitted in "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision," without the express permission of the Court. Being that the Court has yet to do a preliminary review of the file, and the defendant has not yet filed an answer, the undersigned finds that discovery is premature. Accordingly, the petitioner's Motion for Production of Documents (dckt. 25) is **DENIED without prejudice**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: February 11, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE